UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED

CLERK, US DISTRICT COURT, WDNY

CHRISTOPHER WIECHELT, Administrator of
the Estate of Melissa Wiechelt,

          Plaintiff,

v.

          DECISION AND ORDER
          03-CV-345A

UNITED PARCEL SERVICE, INC.,

          Defendant.

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on June 20, 2003. On April 14, 2005, defendant United Parcel Service, Inc. ("UPS") filed a motion for summary judgment. On September 25, 2005, plaintiff Melissa Wiechelt died. On March 15, 2005, Christopher Wiechelt, Melissa's husband and administrator of her estate, was substituted as the plaintiff. On July 26, 2007, Magistrate Judge Foschio issued a Report and Recommendation, recommending, *inter alia*, that UPS's motion for summary judgment be granted.

Plaintiff filed objections to the Report and Recommendation on August 22, 2007, and UPS filed a response thereto on September 12, 2007. Oral argument on the objections was held on September 18, 2007.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which

objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions of the parties and hearing argument from counsel, the Court declines to adopt the proposed findings of the Report and Recommendation.

The question in this case is whether the UPS offered the plaintiff[1] a reasonable accommodation for her disability thereby barring the plaintiff from establishing a violation of the American with Disabilities Act ("ADA"), as a matter of law. UPS claims that by offering to reassign the plaintiff to one of two part-time, supervisory positions, *i.e.*, HUB supervisor or preloader supervisor, it satisfied its obligation to accommodate plaintiff's disability, as a matter of law. The Court disagrees.[2]

The ADA prohibits employers from discriminating against an "otherwise qualified" individual on the basis of his or her disability. 42 U.S.C. § 12112. An individual is "otherwise qualified" under the statute if she can, "with or without reasonable accommodation, ... perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8). A disabled employee may make out a prima facie case under the ADA if she shows either that she can perform the essential functions of the job without

---

[1] Hereinafter, "plaintiff" refers to Melissa Wiechelt.

[2] The Court assumes familiarity with Magistrate Judge Foschio's Report and Recommendation, and the facts contained therein.

accommodation or that she can do so with reasonable accommodation and that the employer refused to make such an accommodation.

The statute lists several forms of reasonable accommodation, including "reassignment to a vacant position." 42 U.S.C. § 12111(9). According to the EEOC guidelines, an employer who utilizes reassignment to meet the duty of reasonable accommodation for a current employee "'should reassign the individual to an equivalent position in terms of pay, status, etc., *if the individual is qualified*, and if the position is vacant within a reasonable amount of time.'" Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 99 (2d Cir. 1999) (quoting EEOC Interpretive Guidance on Title I of the Americans with Disabilities Act, 29 C.F.R. App. § 1630.2(o)) (emphasis added); see also Smith v. Midland Brake, Inc., 180 F.3d 1154, 1177 (10th Cir.1999).

The Second Circuit has held that "where a comparable position is vacant and the disabled employee is qualified for the position, an employer's refusal to reassign the employee to that position-absent some other offer of reasonable accommodation-constitutes a violation of the ADA." Norville, 196 F.3d at 99 (footnote omitted).

Here, UPS argues that the HUB and preloader positions were equivalent in terms of pay, status, etc., and therefore constituted a reasonable accommodation as a matter of law. The problem with this argument, however, is that although the proposed reassignments were arguably equivalent to plaintiff's

3

former position in terms of pay, status, etc., there are genuine issues of material fact as to whether plaintiff was qualified to perform the new jobs. Each of these jobs required the employee to lift up to 70 pounds. But, plaintiff's medical restrictions stated that she could lift no more than 25 pounds.

UPS contends that it agreed to waive the 70-pound lifting requirement in plaintiff's case. But the record is not clear on this point.

Plaintiff testified at her deposition that when the two new positions were offered to her on January 19, 2002, she conveyed to Kevin Foley, UPS's Human Resources Manager, "I can't lift 70 lbs.," to which Mr. Foley responded, "you don't have to" and "Don't worry about it. We'll take care of it." Wiechelt Tr. at 125, 128. She further stated that she could not do "that kind of work," because "it's too difficult." Id. at 130.

When Mr. Foley was asked at his deposition about whether he agreed to waive the 70-pound lifting requirement, he testified:

> Specifically, I don't remember saying that. I do remember the topic of the weight restrictions coming up. I do remember them not having any permanency to them. It was something that she was working through and with that said, if she was you know, willing to take the position you know, she could possibly yes, work around it, if you want to use that terminology. I mean, there was nothing – I don't recall specifically. I know it was fairly – well, it was around 20 pounds, the weight restriction, I thought. But it was nothing that was permanent . . .

Foley Tr. at 43- 44.

4

Mr. Foley's testimony is ambiguous as to whether he actually offered a permanent waiver of the lifting requirement. His testimony indicates that UPS's offer of a waiver was, at most, only temporary, and that UPS expected plaintiff to comply eventually with the 70-pound lifting requirement. It appears undisputed, however, that plaintiff's lifting restriction was permanent.[3] Based on these facts, a jury could reasonably find that the plaintiff was not qualified for the reassignments offered her, and that the UPS therefore failed to offer a reasonable accommodation.

That does not end the inquiry, however. In order to succeed on her claim of failure to provide a reasonable accommodation, plaintiff must also show that "a suitable vacancy existed at the time [she] sought transfer." Jackon v. New York State Dep't of Labor, 205 F.3d 562, 567 (2d Cir.), cert. denied, 531 U.S. 931 (2000). Plaintiff has presented evidence that in March 2002, only a little more than a month after she rejected the two proposed reassignments, a part-time administrative position in the Office of Human Resources ("OHS") became available. The position had the same job description as plaintiff's previous position in OHS, and was consistent with her physical limitations.[4] However, UPS

---

[3] In his Report and Recommendation, Magistrate Judge Foschio found: "The parties agree that such restrictions were either permanent or expected to continue for the indefinite future." Report and Recommendation at 6. There was no objection to this finding.

[4] In his Report and Recommendation, Magistrate Judge Foschio found: "The particular human resources position had the same supervisor/manager job description as [plaintiff's] previous OHS position, did not require lifting, pushing, pulling or other physically

never informed plaintiff of the position, and assigned it instead to a non-disabled person.[5] A jury could reasonably conclude that the new OHS position was an existing vacant position for which the plaintiff was qualified.[6]

In sum, based on the facts currently in the record, a jury could reasonably determine that the reassignments offered to the plaintiff by UPS were not a reasonable accommodation because plaintiff was not qualified for those positions, and that UPS refused to offer plaintiff an existing vacant position for which she was fully qualified. Thus, a reasonable jury could conclude that UPS violated the ADA. See Norville, 196 F.3d at 99.

UPS also argues that it is entitled to summary judgment on the issue of plaintiff's failure to mitigate economic damages. However, the issue of mitigation of damages is generally a jury question. See Fisher v. First Stamford Bank and Trust Co., 751 F.2d 519, 524 (2d Cir. 1984). Here, a reasonable jury could conclude that plaintiff's medical condition limited her ability to mitigate damages. Thus, summary judgment is not appropriate.

---

demanding tasks, and was not as physically demanding as the HUB or "preload" supervisory positions [UPS] previously offered [plaintiff]." Report and Recommendation at 8. There was no objection to this finding.

[5] The Tenth Circuit has held that the ADA does not allow an employer to reject a disabled applicant for reassignment solely on the ground that another candidate is better qualified. See Smith, 180 F.3d at 1167.

[6] At oral argument, UPS's counsel admitted that there are genuine issues of material fact as to whether plaintiff was qualified for the new OHS position.

6

Accordingly, for the reasons set forth herein, the Court denies defendant's motion for summary judgment. Counsel shall appear on October 11, 2007, at 9:00 a.m. for a meeting to set a trial date.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 21, 2007